**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| **Hye Young SON**<br>3790 Lyndhurst Drive, #204,<br>Fairfax, VA 22031,<br><br>**Jong Choun KIM**<br>216 Raintree Road,<br>Jacksonville, NC 28540,<br><br>and<br><br>**In Sook KIM**<br>6514 Lee Valley, #202,<br>Springfield, VA 22150,<br><br>        Plaintiffs,<br>  -against-<br><br>**Friends Health Care Team, Inc.**<br>**doing business as and also known as**<br>**Friends Health Care or Friends Health,**<br>7535 Little River Turnpike, Suite 210B,<br>Annandale VA, 22003<br>**SERVE: Rebecca T CHO, Registered Agent**<br>7535 Little River Turnpike, Suite 210B,<br>Annandale VA, 22003,<br><br>And<br><br>**Rebecca T CHO**<br>7535 Little River Turnpike, Suite 210B,<br>Annandale VA, 22003,<br>        Defendants. | Civil Action Number: **TBD**<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiffs, Hye Young SON, Jong Choun KIM and In Sook KIM by their attorney (Michael) Hyunkweon Ryu, as and for his Complaint herein, alleges following:

**Nature of Action**

1

1. Plaintiff a former employee of Defendants Friends Health Care Team, Inc. (doing business as and also known as Friends Health), Rebecca T. CHO, and Dae J. YI respectfully submits this Complaint alleging that Defendants intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, (the "FLSA").

### Jurisdiction

2. This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### Venue

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendants have their place of business in this District, and the unlawful acts occurred herein.

### Parties and Facts

4. Defendant Friends Health at all relevant times was in the business of adult day care center service and adult home care service.

5. With regard to the adult day care center service, the adults come to the adult day care center located in Annandale, Virginia, and participate in activities and eat lunch with companions (PCAs, personal care assistants or personal care aides).

6. With regard to the adult home care service, the agents PCAs of Friends Health went to the individual adults' residences and provided companionship, care and assistance to them.

7. The federal as well as state government pays for the services through Medicaid.

8. Defendant Friends Health at all relevant times while conducting its business of adult day care center service and adult home care service purchased, and used or sold items such

as diapers, utensils, and food materials, produced in places outside of Virginia, including foreign countries such as China, for the purpose of interstate commerce.

9. Upon information and belief, at all relevant times, the annual gross sale of Defendant Friends Health, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeded $500,000.00.

10. Plaintiff Hye Young SON worked for Defendants Friends Health and Cho as a personal care aide or personal care assistant (PCA) giving companionship, care, and assistance to daily activities including rides and feeding food

    a) from on or about April 2018 until on or about September 2018 for home care service for at least 70 hours per week at $12 per hour,

    b) from on or about October 2018 until on or about January 11, 2019

        i. for day care service at least 48 hours per week at $14 per hour, and

        ii. for home care service at least 70 hours per week at $12 per hour, and

    c) from on or about January 12, 2019 until the end of February 2019 for home care service at least 70 hours per week at $12 per hour.

11. The unpaid principal of the overtime for Son therefore is approximately $13,676.

12. Plaintiff Jong Choun Kim worked for Defendants Friends Health and Cho as a personal care aide or personal care assistant (PCA) giving companionship, care, and assistance to daily activities including rides and feeding food from on or about February 18, 2019 until on or about May 8, 2019 at least 48 hours per week at $13 per hour.

13. The unpaid principal of the overtime for Jong Choun Kim therefore is approximately $845.

14. Plaintiff In Sook Kim worked for Defendants Friends Health and Cho as a personal care aide or personal care assistant (PCA) giving companionship, care, and assistance to daily activities including rides and feeding food from on or about the beginning of March 2019 until on or about the beginning of May 2019 at least 66 hours per week at $12 per hour.

15. The unpaid principal of the overtime for Jong Choun Kim therefore is approximately $1,352.

16. Plaintiff regularly worked more than 40 hours a week while employed by Defendants but was never paid the proper amount of overtime wages.

17. Plaintiff was at all relevant times an individual employed in the State of Virginia by Defendants.

18. Plaintiff was at all relevant a non-exempt employee within the meaning of the FLSA, and the implementing rules and regulations of the FLSA while working for Defendants times.

19. Plaintiff was required to report to work for Defendants at a certain time.

20. Plaintiff was engaged in interstate commerce due to the nature of his work, including but not limited to handling goods placed in interstate commerce, or providing his labor to achieve the goal of a health care program which is a part of a federally funded plan.

21. Defendant Rebecca T. Cho was at all relevant times the President and CEO of the corporate Defendant Friends Health.

22. Defendant Rebecca T. Cho at all relevant times managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

23. Defendant Rebecca T. Cho at all relevant times participated in and approved of the unlawful pay practices of the corporate Defendant Friends Health.

24. Defendant Rebecca T. Cho was at all relevant times involved in assigning work to Plaintiff.

25. Defendant Rebecca T. Cho at all relevant times had the power and authority to discipline Plaintiff.

26. Defendant Rebecca T. Cho at all relevant times exercised authority over the terms and conditions of Plaintiff's employment, including the amount and manner of the payments to Plaintiff.

27. Defendant Rebecca T. Cho hired Plaintiff.

28. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

29. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

30. Defendants held Plaintiff out as an employee.

31. At all relevant times, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

32. At all relevant times, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

33. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

34. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

35. Upon information and belief, Defendants never obtained legal advice that their overtime pay practices and/or policies were compliant with state and federal wage-hour.

36. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

37. Defendants manipulated the pay stubs to hide the true regular rate and hours worked.

38. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

## Count I: Violation of FLSA

39. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

40. Plaintiff is entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207.

41. Defendants violated the provision of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiff all overtime compensation due to him under the FLSA and its implementing regulations.

42. Defendants FLSA violations also include (intentionally) failing to pay reimbursement properly.

43. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

44. By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiff in an amount equal to the unpaid overtime, which is at the rate of not-less-than one and one-half (1.5) times of Plaintiff's regular hourly wage rate, unpaid overtime penalties/liquidated damages, all other applicable penalties and liquidated damages, attorney's fees and costs, and pre-and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. awarding Plaintiff SON money damages for the amount of not less than $27,352 against Defendants jointly and severally;

b. awarding Plaintiff Jong Choun Kim money damages for the amount of not less than $1,690 against Defendants jointly and severally;

c. awarding Plaintiff In Sook Kim money damages for the amount of not less than $2,704 against Defendants jointly and severally;

d. awarding Plaintiffs reasonable attorneys' fees and all costs, plus interest against Defendants jointly and severally; and

e. awarding Plaintiffs further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

Respectfully submitted,

By Hye Young Son,
Jong Choun Kim, and
In Sook Kim,
Through their counsel:


/s/(Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
Attorney for Plaintiffs
301 Maple Ave West
Suite 620
Vienna VA 22180