IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **Hye Young Son**, *et al*.<br>Plaintiff,<br>-against-<br>**Friends Health Care Team, Inc.**, *et al*.,<br>Defendants. | Case Number: 1:20-cv-01064-CMH-TCB |

### Joint Motion for Approval of Settlement Agreement

Plaintiffs Hye Young Son, In Sook Kim and Jong Choun Kim, and Defendants Friends Health Care Team, Inc. and Rebecca Cho, by their respective counsels, jointly request the court's approval of the settlement as follows.

### Background

This case arises out of Defendants' alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

A. Factual Background

Plaintiffs worked for Defendants as personal care aides (PCAs), providing assistance for mostly elderly patients with their daily activities. Compl. ¶¶ 4-6. Plaintiff Son claims $13,676 as the unpaid wages. Compl. ¶ 10. Plaintiff Jong Choun Kim claims $845 as the unpaid wages. Compl. ¶ 13. Plaintiff In Sook Kim claims $1,352 as the unpaid wages. Claims. Compl. ¶ 15. Defendants deny liability and the calculation of Plaintiff's alleged damages. Among others, Defendants rely on the rates printed on pay stubs.

B. Procedural Background

Plaintiff commenced this action on September 11, 2020. (Dkt. 1). Plaintiff alleges violations of the overtime provisions of the FLSA. As relief, Plaintiff seeks, among other things:

(1) actual damages in the amount of all unpaid overtime, (2) anadditional amount of liquidated damages equal to the unpaid overtime, and (3) an award of Plaintiff's costs and reasonable attorneys' fees.

Discovery has completed. This case is set for a jury trial on September 7, 2021. The parties entered into settlement agreements resolving all disputes and eventually dismissing the entire case with prejudice.

The monetary terms set forth in the attached settlement agreements provide that, for the unpaid wages and liquidated damages, Defendants pay $26,250 to Plaintiff Son, $1,200 to Plaintiff Jong Choun Kim and $3,000 to Plaintiff In Sook Kim, with additional $17,000 to cover the reasonable attorney's fees and costs for the entire case.

II. Standard of Review

The settlement of a FLSA claim has to be a reasonable compromise over issues actually in dispute and has to be supervised by the court or the Department of Labor. *Galvez v. AmericleanServs. Corp.*, 2012 U.S. Dist. LEXIS 91070 *, 2012 WL 2522814, at *2-3.

> Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 460 (4th Cir.2007) (citing D.A. *Schulte, Inc. v. Gangi*, 328 U.S. 108, 11416,66 S. Ct. 925, 90 L. Ed. 1114, (1946)). Claims for FLSA violations can only be settled when thesettlement is supervised by the Department of Labor or a court. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005).
>
> A proposed settlement should be approved if it reflects a reasonable compromise over issues actually in dispute. *See Lomascolo v. Parsons Brinckerhoff, Inc.,* No.1:08cv1210, 2009 U.S. Dist. LEXIS 89129, 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009) (citing *Lynn'sFood Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11thCir. 1982)). In assessing whether a proposed settlement is reasonable, adequate, and fair, the court should consider the following factors: "'(1) the extent of discoverythat has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion inthe settlement; (4) the experience of counsel who have represented the plaintiffs;' and finally,

>'the probability of plaintiffs' success on the merits and the amount of thesettlement in relation to the potential recovery.'" *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv00058,2010 U.S. Dist. LEXIS 47511, 2010 WL 1813497, at *1(W.D. Va. May 5, 2010) (quoting Lomascolo, 2009 U.S. Dist. LEXIS 89129, 2009 WL 3094955, at *10).

*Galvez,* 2012 U.S. Dist. LEXIS 91070 at 2-3.

### III. Analysis

#### A. Reasonableness of Proposed Settlement Agreement

##### 1. The Extent of Discovery

Discovery is completed. After discovery, the issue of regular rate is still disputed. Defendants rely on the rates printed on the pay stubs, and Plaintiffs argue that the said rates are false rates, and the total amount on the pay stubs and the work hours show the true rate.

##### 2. Stage of the Proceedings

This case is set for a jury trial on September 7, 2021.

##### 3. Absence of Fraud or Collusion

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Galvez*, 2012 U.S. Dist. LEXIS 91070 at 2-3(*citation omitted*). Here, there is no evidence that the parties' settlement is the product of fraud or collusion. Rather, the parties agreed to settlement after engaging in informed arm's length negotiations.

##### 4. Experience of Counsel

Counsel representing both Plaintiff and Defendants are competent and well experienced in federal court litigation in general and in particular FLSA cases. Plaintiff's counsel litigated multiple cases resulting in the settlements approved by the federal courts involving the FLSA in the Eastern District of Virginia, Alexandria division since 2014, and practicing law since 2004. Defendants' counsel is an experienced employment litigator, practicing since 2014 with

employment comprising the majority of his current practice. Counsels are licensed to practice in state and federal courts in Virginia, Maryland, D.C., New York and New Jersey and remains in good standing in all licensed jurisdictions. As such, the counsels possess sufficient knowledge of the applicable law and the procedures of federal courts, enabling both counsels to evaluate the strength of the respective cases and provide competent legal advice.

   5. Amount of the Settlement in Relation to the Potential Recovery

The proposed settlement agreement requires Defendants to pay Plaintiffs to involuntarily dismiss this FLSA case with prejudice.

In return, Plaintiff Son is to receive $26,250 (192% of the claimed unpaid wages in the Complaint), Plaintiff Jong Choun Kim is to receive $1,200 (142% of the claimed unpaid wages in the Complaint) and Plaintiff In Sook Kim is to receive $3,000 (221% of the claimed unpaid wages in the Complaint). Additional, $17,000 will cover the reasonable attorney's fees and costs. As a result, Plaintiffs will not pay a penny out of their unpaid wages and liquidated damages.

> Courts have recognized a role for less than full value compromise in the FLSA settlement process. See, e.g., *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 5758(E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeenpercent of maximum recovery). Such compromises reflect the "many factors [that] may be in play as the parties negotiate." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d1222, 1227 (M.D. Fla. 2009).

*Galvez*, 2012 U.S. Dist. LEXIS 91070 at 10-11. Here, Plaintiff attained a settlement which more than compensates her for the total claimed unpaid overtime wage with her net recovery after paying the attorney's fee. Further, Plaintiffs recognize that the negotiated settlements are satisfactory considering the risk of going through a trial and the extra costs, and time and efforcts therefor. Accordingly, the settlement in this case is fair and reasonable in relation to Plaintiffs' potential recovery.

   B. Attorneys' Fees

Plaintiff's attorney is to receive $17,000.00 including costs of $400 filing fee.

"[T]he FLSA 'requires judicial review of thereasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employeerecovers under a settlement agreement.'"*Poulin*, 2010 U.S. Dist. LEXIS 47511, 2010 WL 1813497, at *1 (*quoting Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)).In calculating an award of attorneys' fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended."*Grissom v. The Mills Corp*., 549 F.3d 313, 32021(4th Cir. 2008). The Court's assessment of reasonableness involves consideration of the following factors:(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered;(4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outsetof the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of theprofessional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.*Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978).

*Galvez*, 2012 U.S. Dist. LEXIS 91070 at 12-13.

(1) the time and labor expended

Plaintiff's attorney expended a total of at least 50 hours. Plaintiff's attorney's declaration of his hours in this matter is attached hereto as Exhibit A.

(2) the novelty and difficulty of the questions raised

This case thus far did not present any novel or difficult issues other than the routine issues in the FLSA cases.

(3) the skill required to properly perform the legal services rendered

This case does not require more than the skills that are required for the litigation of usual FLSA cases.

(4) the attorney's opportunity costs in pressing the instant litigation

5

The opportunity cost of litigating this case was relatively high, as Plaintiff was unable to pay attorney's fees.

(5) the customary fee for like work

FLSA cases are routinely handled by the contingent fee agreement with the attorney's fees paid by Defendants (employers).

(6) the attorney's expectations at the outset of the litigation

Plaintiff and Plaintiff's attorney entered into the said contingent fee agreement at the beginning of this case prior to filing the complaint.

(7) the time limitations imposed by the client or circumstances

Plaintiffs or the circumstances did not impose any specific time limitations.

(8) the amount in controversy and the results obtained

Plaintiff Son is to receive $26,250 (192% of the claimed unpaid wages in the Complaint), Plaintiff Jong Choun Kim is to receive $1,200 (142% of the claimed unpaid wages in the Complaint) and Plaintiff In Sook Kim is to receive $3,000 (221% of the claimed unpaid wages in the Complaint). Additional, $17,000 will cover the reasonable attorney's fees and costs. As a result, Plaintiffs will not pay a penny out of their unpaid wages and liquidated damages.

(9) the experience, reputation and ability of the attorney

Plaintiff's attorney has been practicing law since the year 2004 and admitted in various jurisdictions: Virginia, Maryland, the District of Columbia, New York, New Jersey, and the United States Patent and Trademark Office. Plaintiff's attorney has a fine reputation without any disciplinary records. Plaintiff's attorney speaks Korean which saved time in communicating with Plaintiff who speaks Korean and only limited English. Plaintiff's attorney understands well how the so-called home care agencies are usually managed and operated which helped a quick formulation of strategy and an accurate evaluation of the case.

<u>(10) the undesirability of the case within the legal community in which the suit arose</u>

Plaintiff's attorney is honored to represent Plaintiff. However, the opportunity cost of litigating this case was relatively high.

<u>(11) the nature and length of the professional relationship between attorney and client</u>

This case is the first time Plaintiff's attorney has worked for Plaintiff. Plaintiff does not operate any business; therefore, Plaintiff's attorney does not expect any repeat legal business from Plaintiff after this case.

<u>(12) attorneys' fees awards in similar cases</u>

Taking $17,000 in attorneys' fees and 50 as the number of hours expended on this case yields an imputed hourly rate of $340 (the attorney's hourly rate is $480). The imputed hourly rate is also substantially below the $764 hourly rate for an attorney with eleven to nineteen years of experience set forth in the Laffey Matrix. The award of attorney's fee sought does not exceed the recovery obtained by Plaintiff, and it is paid in addition to Plaintiffs' net recovery.

IV. Conclusion

For the foregoing reasons, it is respectfully submitted that Plaintiff's recovery was not adversely affected by the amount of Plaintiffs' attorneys' fee, and the parties' settlement is a fair and reasonable compromise over issues actually in dispute,and the settlement including the attorney's fee be approved in its entirety.

7

Respectfully submitted,

| | |
|---|---|
| By Defendants:<br>Friends Health Care Team, Inc., and<br>Rebecca T. Cho.<br><br>Through their counsel:<br><br>/s/ Philip Croliss Krone<br>Philip Croliss Krone<br>Cook, Craig & Francuzenko, PLLC<br>3050 Chain Bridge Road, Suite 200<br>Fairfax, VA 22030 | By Plaintiffs:<br>Hye Young Son,<br>Jong Choun Kim, and<br>In Sook Kim.<br><br>Through their counsel:<br><br>/s/ Michael Hyunkweon Ryu<br>(Michael) Hyunkweon Ryu<br>Ryu & Ryu, PLC<br>301 Maple Avenue West, Suite 620<br>Vienna, Virginia 22180 |